# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

PATRICIA PAIGE,
       **Plaintiff,**

    v.                                      **Case No. 11-C-0793**

MILWAUKEE PUBLIC SCHOOLS,
       **Defendant.**

---

## DECISION AND ORDER

Plaintiff has filed an employment discrimination lawsuit against the Milwaukee Public Schools. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence. Upon review of her affidavit, the court is satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Additionally, plaintiff has stated the nature of this action and asserted her belief that she is entitled to redress. Therefore, her request to proceed in forma pauperis will be granted.

Plaintiff has also made a request for pro bono counsel. There is no constitutional or statutory right to counsel in federal civil cases. Romanelli v. Suliene, 615 F.3d 847, 851 (7th Cir. 2010) (citing Pruitt v. More, 503 F.3d 647 (7th Cir. 2007) (en banc)).

Nevertheless, a district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. Id. When a pro se litigant submits a request for court-appointed counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his or her own or been precluded from doing so. Id. Next, the court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his or her own. Id. at 851-52.

In the present case, I am satisfied that plaintiff has made reasonable attempts to secure counsel on her own. However, considering the complexity of the case, at this point I cannot conclude that she is not competent to litigate on her own. The case appears to involve a fairly straightforward claim of employment discrimination, and pro se plaintiffs routine litigate such claims competently in this court. Moreover, based on the papers plaintiff has filed with the court so far, she appears to be competent to litigate the claim on her own. Although a lawyer would likely present the case more effectively than plaintiff, that is not itself a reason for appointing pro bono counsel. If it were, district judges would be required to request counsel for every indigent litigant. Pruitt, 503 F.3d at 655. Therefore, plaintiff's request for pro bono counsel will be denied.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's request for pro bono counsel is **DENIED**.

**FINALLY, IT IS ORDERED** that, pursuant to Fed. R. Civ. P. 4(c)(3), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendant. Plaintiff is advised that Congress requires the

U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. §§ 0.114(a)(2). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

Plaintiff, however, should provide defendant or its counsel with copies of all future motions or papers filed by the plaintiff in this action.

Dated at Milwaukee, Wisconsin this 26th day of August, 2011.

s/_____
LYNN ADELMAN
District Judge