**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

Patricia Paige,

     Plaintiff,

     v.                               Case No. 11-CV-00793

Milwaukee Public Schools,

     Defendant.

## DECISION AND ORDER

On August 23, 2011, the pro se plaintiff, Patricia Paige, filed a complaint against the defendant, Milwaukee Public Schools, for "unjust treatment," racial discrimination, and harassment. (Complaint at 3).  On August 26, 2011, United States District Judge Lynn Adelman issued an order granting the plaintiff's motion to proceed in forma pauperis and ordering the United States Marshals Service to serve a copy of the complaint, a waiver of service form and/or the summons, together with his order, on the defendant.  (Court's Order of August 26, 2011, at 3).  On November 7, 2011, a waiver of service form was returned unexecuted.  On March 8, 2012, a summons was issued as to Milwaukee Public Schools and the summons was served on March 13, 2012.

On March 19, 2012, the defendant filed a motion to dismiss the plaintiff's claim pursuant to Federal Rules of Civil Procedure 4 and 12(b)(2).  (Docket #9).

Rule 4(m) states that "if a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant or order that service be made within a specified time." A court must grant an extension of time if the plaintiff shows good cause for the failure. Id. Rule 4(j)(2) provides the rules for serving a state or local government organization, such as a public school:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Section 119.12(2) of the Wisconsin Statutes provides that:

> [I]n any action or proceeding in which the board is a defendant, service of any summons . . . or other papers served in commencing the action or proceeding upon the board president and the superintendent of schools constitutes service upon the entire board . . . .

The court of appeals for this circuit has established that "Wisconsin law is explicit that the complaint and summons must be served on both 'the board president and the superintendent of schools.'" Coleman v. Milwaukee Bd. of Sch. Dirs., 290 F.3d 932, 933 (7th Cir. 2002).

Here, the defendant acknowledges that the Office of Board Governance, which serves the Milwaukee Board of School Directors, was served on March 13, 2012. However, the defendant asserts that the superintendent of schools has not been served. (Affidavit of James Gorton at 2). The office of the board and the office of the superintendent are located at the same address; however, they are "served by separate administrative and secretarial staffs." Id. at 1. Thus, the defendant

contends that the plaintiff has not complied with § 119.12(2).

The defendant further maintains that March 13, 2012, is more than 6 months after the complaint was filed on August 23, 2011, which exceeds the 120-day time limit by which a summons must be served. See Fed. R. Civ. P. 4(m). Thus, the defendant asserts that even if the plaintiff had served the proper parties, she did not do so by the deadline and the case should be dismissed.

The plaintiff failed to file a response to the defendant's motion to dismiss before the time in which to do so expired. See Civil L.R. 7(b) (E.D. Wis.) (providing that any memorandum in opposition to a motion must be filed within 21 days of service of the motion); see also Fed. R. Civ. P. 12(a)(1). The court notes that the plaintiff did file a letter with the court on April 27, 2012, in which she asserts that she filed the necessary paperwork on time.

After a review of the service of process in this case, this court finds that the defendant has not been served properly. As noted, the plaintiff is proceeding pro se and was granted leave to proceed in forma pauperis. Pursuant to Fed. R. Civ. P. 4(c)(3), Judge Adelman ordered the United States Marshals Service to effectuate service for the plaintiff on August 26, 2011. Thereafter, the Marshall's Service sent a waiver of service form to Milwaukee Public Schools on August 31, 2011, which was returned unexecuted. Subsequently, the Office of the Board of Governance was served on March 13, 2012.

The service is insufficient both because the Superintendent of Schools has not yet been served and because the Office of Board Governance was not served in a timely manner. However, the defendant has not shown "any actual harm to its

ability to defend the suit as a consequence of the delay in service." Coleman, 290 F.3d at 934. Moreover, "the law prefers that cases be resolved on their merits, not technicalities." Id. at 935. Under the circumstances of this case and in light of the plaintiff's pro se status, the court will not dismiss the case. Rather, this court will order the United States Marshals Service to serve the Superintendent of Schools for Milwaukee Public Schools within 30 days of the date of this order. The Office of the Board of Governance for the Milwaukee Board of School Directors has already been served and, although that service was not timely, the court finds it unnecessary to require service again. For the purpose of determining the proper time to file a responsive pleading, the defendant should use the date of service upon the Superintendent of Schools.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to dismiss be and hereby is **denied**. (Docket #9).

**IT IS FURTHER ORDERED** that the United States Marshals Service shall serve a copy of the complaint, the summons, and this order upon the Superintendent of Schools for Milwaukee Public Schools within 30 days of the date of this order. For the purpose of determining the time by which the defendant must serve and file a responsive pleading, the defendant should use the date that the Superintendent of Schools is served pursuant to this order.

The plaintiff is advised that Congress requires the United States Marshals Service to charge for making or attempting to make such service. 28 U.S.C.

§1921(b). The current fee for process served personally is $55.00 per hour for each item served by one United States Marshals Service employee, plus travel costs and out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). Although Congress requires the court to order service by the United States Marshals precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the United States Marshals Service.

Dated at Milwaukee, Wisconsin this 2nd day of May, 2012.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge